UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from Poland for Assistance in a Criminal Matter: Technology Partners International Inc. | Magistrate No. 21-65 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Brendan James McKenna, Assistant U.S. Attorney, Office of the United States Attorney (or a substitute or successor subsequently designated by the Office of the United States Attorney), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Poland. In support of this application, the United States asserts:

RELEVANT FACTS

1. On December 20, 2019, the Central Authority of Poland, the National Prosecutor's Office, submitted a request for assistance (hereinafter, the Request) to the United States, pursuant to the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic

of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006)  (hereinafter, the Treaty).  As stated in the Request, the Regional Prosecutor in Wroclaw, Department I for Business Crime, is investigating Technology Partners International Inc. for fraud, loan fraud, and money laundering which occurred between 2012 and 2013, in violation of the criminal laws of Poland, namely: Article 286 paragraph 1 of the Polish Criminal Code in relation to Article 294 paragraph 1 of the Polish Criminal Code; Article 297 paragraph 1 of the Criminal Code in relation to Article 11 paragraph 2 of the Criminal Code; and Article 299 paragraphs 1, 5, and 6 of the Criminal Code. A copy of the applicable law is included as Attachment A to this application.  Under the Treaty, the United States is obligated to render assistance in response to the Request.

2.      According to authorities in Poland, Lubelska Grupa Lotnicza Spolka (LGL) received co-financing from the Polish Agency for Enterprise Development for the development of aviation simulation technologies. However, Polish authorities suspect that LGL has not conducted any actual business activity. Despite its lack of technology, adequate office space, qualified employees, and other things necessary to conduct its purported business, LGL claimed that it would be able to conduct its business activity through cooperation with various international business partners. For example, LGL allegedly entered into an agreement under which the U.S. company Technology Partners International Inc. (TPI) would serve as its main R&D subcontractor. However, the Polish authorities' investigation so far seems to indicate that TPI does not exist and its registered office is actually a shopping mall. LGL also allegedly entered into agreements with several other U.S. companies and a Brazilian company.

3. To further the investigation, authorities in Poland have asked U.S. authorities to compel "HZ", a representative of TPI and resident of the Western District of Pennsylvania, to submit to an interview. During this interview, authorities in Poland have asked U.S. authorities to obtain:

a. Certified copies of documents demonstrating the timeframe and place of TPI's business activities; persons who registered this company; its business activities; persons serving as authorities for the company, such as management and supervisory board members; and its shareholders, proxies, and other persons authorized to represent the company, especially with regards to international agreements;

b. Duly authenticated copies of documents relating to the cooperation between LGL and TPI, including, if applicable, the agreement concluded between these companies, any documentation prepared during the survey, and all invoices issued for LGL's benefit; and

c. The bank name(s) and account number(s) for the bank accounts that were used for the agreement(s) between LGL and TPI.

## LEGAL BACKGROUND

### The Treaty

4. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).

       5.      The United States and Poland entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  <u>See</u> Treaty, pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures.  Treaty, Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, Article 5(1) ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.").

<u>18 U.S.C. § 3512</u>

       6.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*              *              *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located.

*              *              *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal

application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

        9.      Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

---

matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

A copy of a "Commissioner Subpoena" is included as Attachment B.

REQUEST FOR ORDER

10. As evidenced by a letter dated September 23, 2020 from the Office of International Affairs to the Office of the United States Attorney for the Western District of Pennsylvania, the Office of International Affairs has reviewed and authorized the Request and has delegated execution to the U.S. Attorney's Office for the Western District of Pennsylvania. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a commissioner to collect evidence from a witness and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the National Prosecutor's Office, the designated Central Authority in Poland, and seeks assistance in the investigation of fraud, loan fraud, and money laundering - criminal offenses in Poland. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., a witness interview and production of business records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, the person required to appear and produce the requested documents resides or is located in the Western District of Pennsylvania. Accordingly, this application was properly filed in this district.

11. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should

require no notice other than to the recipients.

12. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Brendan James McKena, Assistant U.S. Attorney, Office of the U.S. Attorney (or a substitute or successor subsequently designated by the Office of the U.S. Attorney) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence

Respectfully submitted,

SCOTT W. BRADY
United States Attorney
PA ID No. 88352

By: */s/ Brendan James McKenna*
BRENDAN JAMES MCKENNA
Assistant United States Attorney
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7414
brendan.mckenna@usdoj.gov